IN THE UNITED STATES DISTRICT COURT
FOR THE CONNECTICUT

IN RE: SUBPOENA ISSUED TO
APPLE INC.

Case No. 3:18MJ1398 (RMS)

**Filed Under Seal**


FILED
2018 SEP 26 P 3:21
U.S. DISTRICT COURT
NEW HAVEN, CT

## APPLICATION FOR ORDER COMMANDING APPLE INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SUBPOENA

The United States requests that the Court order APPLE INC. not to notify any person (including the subscribers or customers of the account(s) listed in the subpoena) of the existence of the attached subpoena, for the period of 365 days, or until September 24, 2019, or until further order of the Court.

APPLE INC. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached subpoena, which requires APPLE INC. to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because ▌

Section 2705(b) provides that when the government is not required to notify the subscriber or customer that it is serving process on the provider, then the Court may order the provider not to give notice, provided one of the five risks set forth in § 2705(b) is present. For the reasons listed above, the government has shown that there is reason to believe that notice by the provider would cause one of the enumerated harms. The government is proceeding here using a subpoena under 18 U.S.C. § 2703(c)(2). Section 2703(c)(3) provides that when the government proceeds under § 2703(c) (*i.e.,* when it is only seeking records of the provider, and not any content of the subscriber or customer), the government is not required to provide notice to the subscriber or customer. Thus, the government has satisfied all the conditions of § 2705(b).

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing APPLE INC. not to disclose the existence or content of the attached subpoena, except that APPLE INC. may disclose the attached subpoena to an attorney for APPLE INC. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on September 25, 2018.

JOHN H. DURHAM
UNITED STATES ATTORNEY

_____
DAVID T. HUANG
ASSISTANT U.S. ATTORNEY
Federal Bar No. CT30434
157 Church Street, 25th Floor
New Haven, CT 06510

Case 3:18-mj-01498-SEALED Document 1 Filed 03/27/2026 Page 4 of 11

Case 3:18-cv-01408-RNC Document 114 Filed 03/27/20 Page 9 of 11

Case 3:18-cv-01498-FMES-LDD Document 1 Filed 03/27/2026 Page 11 of 11